Kathryn THELEN, a vulnerable adult, By and Through Kenneth A. THELEN and Judy H. Thelen, her parents and natural guardians, and Kathryn Thelen, individually, Respondents,

v.

ST. CLOUD HOSPITAL, Appellant,

James A. Collins, Ph.D., Defendant.

No. C7–85–1097.

Court of Appeals of Minnesota.

Dec. 24, 1985.

Paul Widick, Van Drake & Van Drake, Ltd., Brainerd, for respondents.

Kevin S. Carpenter, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

St. Cloud Hospital appeals the trial court's decision that violation of the Vulnerable Adult Act, Minn.Stat. § 626.557 (1982 & Supp.1983), which requires hospital personnel to report abuse of vulnerable adult patients, imposes absolute liability for damages caused by the failure to report. Kathryn Thelen filed a notice of review and argues that the hospital is absolutely liable for all damages caused by the abuse, not just damages caused by the failure to report the abuse. We affirm the trial court.

## FACTS

Kathryn Thelen, age 19, was hospitalized at St. Cloud Hospital from April 5 through May 23, 1983. Her diagnosis on admission was severe depression. While there she met a hospital employee named Thomas Eickhoff, a "mental health specialist." Thelen testified in a deposition that Eickhoff discussed sex in an explicit manner with her numerous times each day; he once poked her in the breast with a pool cue while they were playing pool; he once kissed her on the forehead and lips; he once grabbed her buttocks; and he once attempted to touch her breast while tickling her. She also testified that he asked her not to tell others about his behavior because he could get into trouble.

The complaint alleges that two other female patients reported similar misconduct

by Eickhoff at various times between February and May 1983 and that no action was taken in response to their complaints. In May 1983 Thelen and one of the other female patients discussed Eickhoff's sexual advances toward them. A few days later Thelen told her father, who in turn called the sheriff and reported Eickhoff's behavior. Eickhoff was immediately removed from the mental health unit. Thelen's diagnosis on discharge was major depression with psychosis.

Thelen and her parents brought this action against the hospital, Thelen's psychiatrist, and a staff psychiatrist who had treated one of the other abused female patients, alleging they knew Eickhoff had abused patients in the past. The complaint alleged numerous causes of action, including liability for violation of the Vulnerable Adult Act, Minn.Stat. § 626.557, which requires health care professionals to report abuse of vulnerable adult patients. All defendants raised affirmative defenses of contributory negligence and assumption of risk.

In June 1984 Thelen moved the trial court for partial summary judgment, arguing that because the Vulnerable Adult Act imposes absolute liability, the defendants are precluded from raising defenses of contributory negligence, assumption of risk, and proximate cause. In order to obtain summary judgment Thelen conceded the validity of the hospital's version of the facts, including its assertion that Thelen believed that "Eickhoff was flirting with her and that she was flirting back with him" and that she did not report him to hospital authorities for three to four weeks after the series of incidents began. The trial court granted her motion, ruling that the statute imposes absolute liability because it was intended "for the protection of a limited class of persons from their inability to protect themselves" (quoting *Seim v. Garavalia*, 306 N.W.2d 806, 811 (Minn. 1981)). The court concluded that the defendants were precluded from raising the defenses of contributory negligence and assumption of risk, but that Thelen as the plaintiff has the burden of establishing

damages directly caused by failure to report.

The parties moved for reconsideration and clarification of causation issues. The trial court clarified its prior order, saying:

[T]he statute precludes only the affirmative defenses of assumption of risk and contributory negligence, not defenses related to causation. Causation issues in this case would include whether the statute applies to these facts and whether there was a violation of the statute. These would appropriately be fact questions for the jury.

The trial court expressly determined that there was no just reason for delay and directed entry of judgment for purposes of appeal. *See* Minn.R.Civ.P. 54.02.

In April 1985 Thelen's psychiatrist settled with her and was dismissed from the suit. In July 1985 the other psychiatrist settled, and by order of July 15, 1985, his appeal was dismissed. St. Cloud Hospital is the only remaining defendant in the suit.

## ISSUE

Does violation of the Vulnerable Adult Act, Minn.Stat. § 626.557, impose absolute liability?

## ANALYSIS

The public policy supporting the Vulnerable Adult Act is expressed in its first subdivision:

The legislature declares that the public policy of this state is to protect adults who, because of physical or mental disability or dependency on institutional services, are particularly vulnerable to abuse or neglect; to provide safe institutional or residential services or living environments for vulnerable adults who have been abused or neglected; and to assist persons charged with the care of vulnerable adults to provide safe environments.

In addition, it is the policy of this state to require the reporting of suspected abuse or neglect of vulnerable adults, to

provide for the voluntary reporting of abuse or neglect of vulnerable adults, to require the investigation of the reports, and to provide protective and counseling services in appropriate cases.

Minn.Stat. § 626.557, subd. 1.

The Act defines a vulnerable adult broadly as:

(b) * * * any person 18 years of age or older:

(1) Who is a resident or inpatient of a facility;

(2) Who receives services at or from a facility required to be licensed to serve adults pursuant to [the Public Welfare Licensing Act], except a person receiving outpatient services for treatment of chemical dependency or mental illness;

(3) Who receives services from a home health agency * * *; or

(4) Who, regardless of residence or type of service received, is unable or unlikely to report abuse or neglect without assistance because of impairment of mental or physical function or emotional status.

*Id.*, subd. 2(b). St. Cloud Hospital is a facility as defined in the Act. *See id.*, subd. 2(a).

The Act's substantive provision requires the following persons to report to the appropriate authorities:

A professional or his delegate who is engaged in the care of vulnerable adults, education, social services, law enforcement, or any of the regulated occupations referenced [in the statute], or an employee of a rehabilitation facility * *, or an employee of or person providing services in a facility who has knowledge of the abuse or neglect of a vulnerable adult, has reasonable cause to believe that a vulnerable adult is being or has been abused or neglected, or who has knowledge that a vulnerable adult has sustained a physical injury which is not reasonably explained * * *.

*Id.*, subd. 3. "Abuse" is defined broadly as any act constituting a violation of various criminal statutes, among them fourth-degree criminal sexual conduct, and "the intentional and nontherapeutic infliction of physical pain or injury, or any persistent course of conduct intended to produce mental or emotional distress." *Id.*, subd. 2(d)(1), (2).[1] Facilities are required to establish and enforce a written abuse prevention plan for each vulnerable adult, *see id.*, subds. 14(a) and (b), and a written procedure to govern reporting of abuse and neglect, *see* id. subd. 15.

The operative part of the Act provides that intentional failure to report abuse or neglect constitutes a misdemeanor offense and also provides separate civil liability for negligent *or* intentional failure to report. *Id.*, subd. 7. The hospital disputes that any hospital employee failed to report maltreatment, other than Eickhoff himself. The hospital's main contention is that the statute cannot impose absolute liability in this case because there has been no showing that Thelen was unable to protect herself from the type of abuse she received.

Generally the tort liability resulting from violation of a statute does not differ from ordinary negligence. The only difference between a statutorily imposed duty of care and a duty of care under common law is that the duty imposed by

1. The definition of abuse was amended in 1985 to include:

(2) nontherapeutic conduct which produces or could reasonably be expected to produce pain or injury and is not accidental, or any repeated conduct which produces or could reasonably be expected to produce mental or emotional distress;

(3) any sexual contact between a facility staff person and a resident or client of that facility; or

(4) the illegal use of a vulnerable adult's person or property for another person's profit or advantage, or the breach of a fiduciary relationship through the use of a person or a person's property for any purpose not in the proper and lawful execution of a trust, including but not limited to situations where a person obtains money, property, or services from a vulnerable adult through the use of undue influence, harassment, duress, deception, or fraud.

1985 Minn. Laws. ch. 150, § 1.

statute is fixed, so its breach ordinarily constitutes conclusive evidence of negligence, or negligence per se, while the measure of legal duty in the absence of statute is determined under common-law principles. *Zerby v. Warren*, 297 Minn. 134, 139, 210 N.W.2d 58, 62 (1973). The doctrine of absolute liability applies to preclude affirmative defenses when the legislature intends by enacting the statute to place the entire responsibility for the injury on the individual who violated it. *See Seim v. Garavalia*, 306 N.W.2d 806, 811 (Minn.1981). If the legislature intended "to protect a limited class of persons from their own inexperience, lack of judgment, inability to protect themselves or to resist pressure, or tendency toward negligence," the plaintiff's contributory negligence is not a bar to recovery. *Scott v. Independent School District No. 709*, 256 N.W.2d 485, 488–89 (1977). Because there can be no contributory negligence as a matter of law when the statute is designed to protect persons from their inability to protect themselves, the adoption of comparative negligence did not alter the exclusion of defenses. *Zerby v. Warren*, 297 Minn. at 141, 210 N.W.2d at 63.

The legislative intent to create absolute liability can be deduced from the character of the statute, the background of the social problem and the particular hazard at which the statute is directed. *Id.* at 140, 210 N.W.2d at 62. In *Dart v. Pure Oil Co.*, 27 N.W.2d 555 (Minn.1947), the court held that contributory negligence was available as a defense to a negligence action based on violation of a statute regulating the sale and delivery of volatile oils. The court was influenced by the fact that the statute was intended to protect the general public, rather than a limited class of users unable to protect themselves. *Id.* at 562.

In *Zerby v. Warren* the court held that the sale of glue to a minor in violation of a statute imposed absolute liability on the seller. The court said:

> The obvious legislative purpose of [the statute forbidding the sale of glue to minors] is to protect minors unable to exercise self-protective care from harm

resulting from sniffing the fumes of glue. This legislative policy inherent in the statute makes one who violates its provisions entirely responsible for damages or deaths which are the direct result of the illegal sale. * * * [T]herefore violation of its provisions creates absolute liability for resulting harm.

297 Minn. at 140, 210 N.W.2d at 62. Therefore, the court held that the trial court properly refused to allow the defenses of comparative contributory negligence and assumption of risk, because doing so would defeat the evident purpose of the statute. *Id.*

In contrast, the legislature did not intend by enacting Minn.Stat. § 126.20, which requires schools to enforce the wearing of protective safety goggles in industrial arts classes, to preclude consideration of a student's contributory negligence. *See Scott v. Independent School District No. 709*, 256 N.W.2d 485. The court said the conduct of the school district clearly constituted negligence per se, but said:

> The legislative intent here does not appear to make liability absolute on the part of the school district. Such a construction would place a nearly impossible burden on a school supervisor. For example, even if a supervisor instructed a student every day in the use of safety glasses, but while the instructor left the room * * * a student lifted off the glasses temporarily and was injured, liability would follow. We do not think the legislature intended that the school district be strictly liable in such a situation.

*Id.* at 489.

The public policy supporting the Vulnerable Adult Act is expressly stated in subdivision 1. In the trial court's words, "[a] clearer intention of protecting a limited class could hardly be stated." The trial court's memorandum provides:

> Minn.Stat. § 626.557, subd. 2(b) defines "vulnerable adult" as one who suffers from "impairment of mental or physical function or emotional status." It is therefore reasonable to anticipate that these people will not function at the level

of other adults. Vulnerable adults, because of the disabilities which make them vulnerable, might be more likely to engage in behavior which, if engaged in by a non-vulnerable adult, would be regarded as assumption of risk or contributory negligence. If that behavior were taken into consideration in cases arising under this statute, the civil liability imposed * * would be a nullity.

We agree with the trial court and hold that the Vulnerable Adult Act imposes absolute liability upon one who violates its provisions. To allow affirmative defenses would defeat the purpose of the statute. The legislature must therefore have intended that no defense would displace the responsibility imposed by the statute. *See Zerby v. Warren,* 297 Minn. at 140, 210 N.W.2d at 62. Absolute liability does not place an "impossible burden" on those required to report, *see Scott v. Independent School District,* 256 N.W.2d at 489; all they must do to avoid liability under the Act is report abuse that they know or should know about.

We specifically reject the hospital's contention that before absolute liability may be imposed there must be a showing that Thelen was unable to protect herself from the type of abuse received. If the abused person fits the statutory definition of vulnerable adult, there need be no additional evidence of her inability to protect herself. We also reject Thelen's argument that the statute precludes "causation defenses." A showing that the hospital violated the statute is per se evidence of negligence. To prevail, Thelen must show in addition that the failure to report caused damage.

Thelen further argues that the hospital is absolutely liable for all damages resulting from abuse, not just for damage caused by failure to report the abuse. Her motion for summary judgment did not specifically ask the trial court to rule on this issue, and the trial court did not address it. Her notice of review states only that the trial court erred in "denying in part respondents' motion for partial summary judg-

ment." However, Thelen's attorney argued in a letter to the trial court, in response to the defendants' memoranda opposing her motion, that the hospital should be absolutely, vicariously liable for all damages caused by the abuse. Assuming this issue was properly raised, we find no evidence of a legislative intent to extend absolute liability beyond the specific language, damage caused by failure to report.

The stated public policy and substantive reporting requirements are directed only at establishing a system for reporting and investigation of abuse. Thus, the Act does not impose absolute liability for all damages caused by the abuse.

### DECISION

Minn.Stat. § 626.557 imposes absolute liability for damages caused by failure to report abuse of vulnerable adults. The affirmative defenses of contributory negligence and assumption of risk are not available to the defendant on this theory of liability.

Affirmed.